IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
TONY L. BENNETT,                  )
                                  )
         Petitioner,              )   Civil Action
                                  )   No.  2013-cv-1203
         v.                       )
                                  )
MICHAEL WENEROWICZ and            )
THE ATTORNEY GENERAL OF THE       )
STATE OF PENNSYLVANIA,            )
                                  )
                                  )
         Respondents              )
```

O R D E R

NOW, this 18th day of March, 2016, upon consideration of the following documents:

    (1)    Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by petitioner Tony L. Bennett pro se on March 6, 2013;[1] together with

        Memorandum in Support of Petition for Writ of Habeas Corpus;

    (2)    Response to Petition for Writ of Habeas Corpus, which response was filed on behalf of respondents on June 18, 2013; together with

        Exhibits A through N;

    (3)    Reply to Commonwealth's Response to Petition for Writ of Habeas Corpus, which reply was filed by petitioner pro se on July 9, 2013;

---

[1] Mr. Bennett's original petition for writ of habeas corpus was filed in this court on March 6, 2013.  However, the petition itself indicates that it was signed by petitioner on March 4, 2013 and placed in the prison mailing system that same date.  Thus, giving petitioner the benefit of the prison mailbox rule, (See Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts), I consider March 4, 2013 the filing date of Mr. Bennett's original petition.

        (4)     Supplement to Petitioner's Reply to Commonwealth's Response, which supplement was filed by petitioner pro se on July 9, 2013;

        (5)     Second supplement to petitioner's reply to Commonwealth's response, which second supplement was filed by petitioner pro se on April 8, 2014;

        (4)     Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated May 29, 2014 and filed May 30, 2014;

        (5)     Objections to Report and Recommendation of Magistrate Judge filed by petitioner pro se on June 17, 2014;

it appearing that petitioner's objections to Magistrate Judge Hey's Report and Recommendation are a restatement of the issues raised in his underlying petition for habeas corpus relief and are without merit; it further appearing after de novo review of this matter that Magistrate Judge Hey's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

      <u>IT IS ORDERED</u> that Magistrate Judge Hey's Report and Recommendation is approved and adopted.

      <u>IT IS FURTHER ORDERED</u> that petitioner's objections to Magistrate Judge Hey's Report and Recommendation are overruled.[2]

---

    [2]    When objections are filed to a magistrate judge's report and recommendation, we are required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.

(<u>Footnote 2 continued</u>):

<u>IT IS FURTHER ORDERED</u> that the pro se petition for habeas corpus relief is denied without a hearing.

<u>IT IS FURTHER ORDERED</u> that because petitioner demonstrates a substantial showing of the denial of a constitutional right, and because reasonable jurists could find this ruling denying habeas corpus relief debatable, a certificate of appealability is granted.

<u>IT IS FURTHER ORDERED</u> that the Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

(<u>Continuation of footnote 2</u>);

<u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

      Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. <u>Raddatz</u>, <u>supra</u>.

      As noted above, I conclude that petitioner's objections to Magistrate Judge Hey's Report and Recommendation are nothing more than a restatement of the underlying claims contained in his petition for habeas corpus. Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

      Accordingly, I approve and adopt Magistrate Judge Hey's Report and Recommendation and overrule petitioner's objections to the Report and Recommendation.